**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JENZEN CULLEN, et al.,

        Plaintiffs,

        v.

WILLIAM HYATTE, et al.,

        Defendants.

CASE NO. 3:23-CV-918-CCB-SJF

**OPINION and ORDER**

Plaintiff[1]  has filed three discovery motions that are pending with the Court. The earliest-filed motion is Plaintiff's Motion to Compel Discovery and/or for Sanctions for Failure to Appear for Deposition, filed on February 17, 2026, and directed against Defendant ViaPath Technologies ("ViaPath"). [DE 81]. On March 3, 2026, ViaPath timely filed its response. [DE 83]. Plaintiff's motion became ripe on March 9, 2026, when the reply was filed. [DE 85].

Under the rationale *infra*, Plaintiff's motion is denied. Plaintiff's two other pending discovery motions will be addressed in due course.

I.     RELEVANT BACKGROUND

Plaintiff brings this case on behalf of decedent Leo Cullen, who was in the custody of the State of Indiana at Miami Correctional Facility when he passed away after being attacked by a group of prisoners affiliated with a gang named "Surenos 13."

---

[1] Plaintiff, Deana Cullen, is bringing this action as a personal representative of the Estate of Leo Cullen. [DE 95]. For ease of understanding, Plaintiff will be referred to in the singular female tense.

[DEs 27 at 4, 27-3]. Plaintiff argues that the decedent's death was the result of the failure of certain Indiana Department of Correction ("IDOC") officials to transfer decedent immediately after an attack which occurred over a year earlier. Plaintiff further argues that the failure of ViaPath to adequately protect decedent contributed to his death.

Relevant here, Plaintiff brings this motion to compel after conducting a Fed. R. Civ. P. 30(b)(6) deposition of ViaPath's corporate representative. In particular, Plaintiff requests that the court grant her motion to compel a supplemental Rule 30(b)(6) deposition and for ViaPath to designate a witness to testify about certain topics about which ViaPath has raised objections and to which its designated witness has refused to testify. In its response in opposition to Plaintiff's motion, ViaPath argues that the parties agreed to proceed with the Rule 30(b)(6) deposition on only the agreed-upon topics, and that ViaPath made it clear that it would not proceed with two separate corporate depositions. ViaPath contends that Plaintiff's motion should be denied because: Plaintiff's counsel did not meet and confer with ViaPath after conducting the deposition; Plaintiff does not specify which topics would be the focus of a second deposition; and ViaPath's objections to the Rule 30(b)(6) deposition topics were not waived. In reply, Plaintiff argues that conferral requirements were satisfied and that ViaPath waived its objections by not timely filing for a protective order before the deposition took place. Plaintiff also specifies that her motion to compel concerns three specific topics enumerated in the deposition notice.

2

## II.   LEGAL STANDARD RELATING TO THE SCOPE OF DISCOVERY

The court has broad discretion in discovery matters, including ruling on motions to compel. *See Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001). The Federal Rules of Civil Procedure oblige the court "to supervise and limit discovery when it feels the discovery is cumulative, unnecessary, designed to annoy or harass, excessively expensive, or only marginally important." *Pistolis v. Ameren*, Case Nos. 3:19-CV-001185-MAB, 3:19-CV-001182-MAB, 2022 WL 2159291, at *4 (S.D. Ill. June 15, 2022) (citing *Mr. Frank, Inc. v. Waste Mgmt., Inc.*, No 80 C 3498, 1983 WL 1859, at *1 (N.D. Ill. July 7, 1983)). The scope of discovery is outlined in Fed. R. Civ. P. 26(b)(1), which provides that, "[u]nless otherwise limited by court order":

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* Relevancy is broadly construed to encompass "any matter that bears upon, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Herx v. Diocese of Fort Wayne-South Bend Inc.*, Case No. 1:12–CV–122, 2013 WL 5531376, at *1 (N.D. Ind. Oct. 7, 2013) (internal quotations omitted). However, courts are authorized to limit discovery to only that which is warranted by the circumstances of each case in order to hedge against the potential for discovery abuse. *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993).

To reiterate, this court is afforded "significant discretion in ruling on a motion to compel." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996). It may grant the relief sought in whole or in part, or otherwise "fashion a ruling appropriate for the circumstances of the case." *Id*. at 496 (citing to Fed. R. Civ. P. 37(a)(4)(B), (C)). Indeed, it behooves this court to "independently determine the proper course of discovery based upon the arguments of the parties." *Id.* (citing to *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996)).

Moreover, Rule 26(b)(2)(C) allows the Court to limit discovery if the information "sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or " the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

With this in mind, the court now considers whether conferral requirements were met and whether Plaintiff's arguments justify a grant of her motion.

### III.    PLAINTIFF'S MOTION TO COMPEL RULE 30(B)(6) DEPOSITION FROM DEFENDANT VIAPATH [DE 81]

The court first addresses Plaintiff's motion to compel further deposition testimony from ViaPath's Rule 30(b)(6) representative. In summary, Plaintiff argues that the failure of ViaPath's chosen representative to answer questions related to certain deposition topics amounts to a failure to appear under Federal Rule of Civil Procedure 37(d). Plaintiff further argues that ViaPath's failure to file a motion for a protective order under Rule 26(c) waives its  objections against Plaintiff's deposition notice.

ViaPath disagrees with both arguments and maintains that its objections have been preserved. ViaPath also argues that Plaintiff's motion must be denied based on Plaintiff's failure to comply with the meet and confer requirements found in Rule 37 and in Northern District of Indiana Local Rule 37-1. Fed. R. Civ. P. 37(a)(1); N.D. Ind. L.R. 37-1.

### a. Meet and Confer Requirements

Based on the parties' brief and accompanying exhibits, it is clear that Plaintiff did not fulfill her duty to meet and confer prior to bringing this motion.

The duty to meet and confer prior to bringing a motion to compel is not a perfunctory requirement to be brushed off with a canned statement accompanying one's discovery motion. *See Robinson v. Potter,* 453 F.3d 990, 994-95 (8th Cir. 2006) ("Before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.") (citing *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.,* 339 F.3d 180, 186 (3rd Cir. 2003)).

The meet and confer requirement in Local Rule 37-1 encompasses "every motion concerning discovery." *See Imbody v. C & R Plating Corp.,* Cause No. 1:08–CV–218, 2010 WL 3184392, at *1 (N. D. Ind. Aug. 10, 2010). Accordingly, all motions to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(d)(1)(B).  Local Rule 37-1 supplements this requirement. *Axis Ins. Co. v. Am. Specialty Ins. & Risk Services, Inc.,* Case No. 1:19-cv-00165-DRL-SLC, 2022 WL 21697161, at *11

(N.D. Ind. April 28, 2022). A motion to compel that fails to include the required certification risks being denied. *See* N.D. Ind. L.R. 37-1(b). That being said, "[c]ourts have broad discretion in determining whether the moving party has satisfied the meet-and-confer component" of Rule 37(d)(1)(B) and Local Rule 37-1. *See Axis Ins. Co.*, 2022 WL 21697161, at *11 (quoting *Sowell v. Dominguez*, No. 2:09 CV 47, 2011 WL 4496505, at *3 (N.D. Ind. Sept. 27, 2011).

However, the court has discretion to excuse procedural shortcomings if the movant somewhat complied with the purpose of these rules or if there is little doubt that mandating compliance would simply delay the resolution of the parties' dispute. *Payne Jr. v. Indiana Department of Corrections*, Case No. 3:23-CV-0090-CCB-SJF, 2025 WL 1732843, at *3 (N.D. Ind. June 23, 2025); *Washington v. Tovo*, No. 2:17-CV-128, 2018 WL 2126941, at *2 (N.D. Ind. May 9, 2018).

Here, ViaPath argues that the court should deny Plaintiff's motion based on her failure to meet and confer between the three months that passed from the deposition of ViaPath's Rule 30(b)(6) representative to when Plaintiff filed her motion. In her reply, Plaintiff argues that the correspondence which took place between the parties prior to the deposition suffices, tacitly implying that there was no need to further confer after the deposition concluded.

ViaPath is correct that Plaintiff's silence after the Rule 30(b)(6) deposition shows that she failed to meet the threshold requirement to meet and confer prior to bringing this motion. *See Scott v. Wabash Nat'l Corp.*, Cause No. 4:05-cv-055-AS-PRC, 2007 WL 9773389, at *2 (N.D. Ind. Mar. 20, 2007). Further, "[a] party filing any discovery motion

6

must file a separate certification" that shows she conferred or attempted to resolve the discovery dispute in good faith prior to bringing her motion. N.D. Ind. L.R. 37-1. Plaintiff failed to file a separate certification of compliance as required by Local Rule 37-1. Plaintiff's failure to comply with Local Rule 37-1 is an adequate reason to deny her motion.

However, if there is little utility in denying the motion on technical grounds because the dispute is likely to reappear and if it is doubtful that an additional conference would make a substantive difference, then the Court is free to address the movant's substantive arguments. *Axis Ins. Co.*, 2022 WL 21697161, at *11-12. Here, the parties' briefs make obvious that the parties are unlikely to reach mutual agreement with further conferral. *See Vanhoosier v. Franciscan Alliance, Inc.*, Case No. 4:17-cv-84, 2019 WL 2000320, at *1 (N.D. Ind. May 6, 2019). Therefore, denying the motion based on the failure to confer  failure "would do little other than delay resolution of these issues[.]" *Id.* (quoting *Felling v. Knight*, No. IP01–0571–C–T/G, 2001 WL 1782361, at *1 (S.D. Ind. Dec. 21, 2001)). Also, the parties briefed the substantive dispute between them.

Therefore, the Court will analyze Plaintiff's motion on the merits because the substantive issues were briefed by the parties and their conflict is otherwise unlikely to be resolved.

### b. Analysis

To reiterate, Plaintiff argues that ViaPath's refusal to designate a witness on three topics listed in Plaintiff's Rule 30(b)(6) deposition notice[2] amounts to a failure to appear under Rule 37(d)(1)(A). Further, Plaintiff argues that ViaPath failed to file a protective order that would have preserved its objections to those deposition topics. ViaPath disputes both arguments and elaborates on why the Court should sustain its objections.

The parties' arguments must be considered within the broader purpose of a Rule 30(b)(6) deposition. "Rule 30(b)(6) permits a party to name a corporation as a deponent." *Zeikos, Inc. v. Walgreen, Co.*, No. 23 C 303, 2025 WL 2696409, at *2 (N.D. Ill. Sept. 25, 2025) (citing Fed. R. Civ. P. 30(b)(6)). Accordingly, "Rule 30(b)(6) allows a corporation to speak through its agents." *Scott*, 2007 WL 9773389, at *4 (citing *Hooker v. Norfolk Southern Railway Co.*, 204 F.R.D. 124, 125 (S.D. Ind. 2001). Specifically, in response to a deposition notice that describes "the matters for examination" with "reasonable particularity" an organization must designate an individual or several individuals, often "officers, directors, or managing agents" who consent to testify on the organization's behalf and that the organization "may set out the matters on which each person is designated will testify." Fed. R. Civ. P. 30(b)(6). In effect, Rule 30(b)(6) places the burden of "identifying witnesses who have knowledge responsive to subjects requested in the Rule 30(b)(6) requests" on the organization. *Hunter v. WirelessPCS Chi.*

---

[2] Plaintiff designates several other topics in her motion to compel [*see* DE 81], but later agrees with ViaPath that only three topics remain in dispute [DE 85 at 5]. Accordingly, the Court will only focus on the following three topics that the parties agree are in dispute: Topic No. 5; Topic No. 9; and Topic No. 15.

*LLC*, No. 18 CV 980, 2021 WL 4621889, at *7 (N.D. Ill. Oct. 5, 2021) (citing *Smithkline Beecham Corp. v. Apotex Corp.*, No 98 C 3952, 2000 WL 116082, at *8 (N.D. Ill. Jan. 24, 2000)). "By its very nature, a Rule 30(b)(6) deposition notice requires the responding party to prepare a designated representative so that he or she can testify on matters not only within his or her personal knowledge, but also on matters reasonably known by the responding entity." *Id.* (quoting *Alliance for Global Justice v. District of Colombia*, 437 F. Supp. 2d 32, 37 (D.D.C. 2006)).

Plaintiff's main argument is that ViaPath has waived all objections because it has failed to move for a protective order. In support, Plaintiff presents two court decisions from outside the Seventh Circuit. Generally, a corporate party does not waive its right to object to a Rule 30(b)(6) deposition notice when it designates a corporate representative to testify on some non-objected topics, but not others. *Brant v. Schneider Nat'l Inc.*, Case No. 20-C-1049, 2024 WL 4729415, at *2 (E.D. Wisc. May 14, 2024).

ViaPath argues that a motion for a protective order is not a predicate requirement to preserve its objections, especially because Plaintiff failed to confer about the disputed topics after the Rule 30(b)(6) deposition occurred. Indeed, at least one additional district court in the Seventh Circuit declined to deprive a party of its objections because it did not move for a protective order before the deposition occurred. *See, e.g., U.S. ex rel. Derrick v. Roche Diagnostics Corp.*, Case No. 14 C 4601, 2019 WL 10367990, at *1 (N.D. Ill. July 29, 2019) (Court declined to find that defendant waived its ability "to argue in favor of its position now just because it did not move for a protective order before the deposition under these circumstances.").

9

Plaintiff also argues that ViaPath failed to preserve its objections because it did not tender them for several months after Plaintiff's Rule 30(b)(6) deposition notice. Rule 30(b)(6) does not provide a hard timeline for when to tender objections or when to meet and confer after a notice is issued, other than mandating that it be done "promptly." Fed. R. Civ. P. 30(b)(6). Rule 30(b)(6) does not set any limits for when objections must be tendered. *See id.* Here, Plaintiff served the Rule 30(b)(6) deposition notice on July 30, 2025, about two months after the scheduling order was entered in this case. On October 7, 2025, ViaPath confirmed its availability for when the deposition could take place, and then requested a meeting on the deposition topics on October 13, 2025, in a separate email. Then, on October 17, 2025, ViaPath sent correspondence to Plaintiff which outlined its position and requested Plaintiff's availability to discuss further. After an additional follow-up on November 4, 2025, the parties engaged in a discussion on November 5, 2025. ViaPath contends that after that discussion, it offered two choices to Plaintiff: either postpone the deposition until the disagreements regarding the outstanding deposition topics could be resolved or proceed with the deposition on the agreed upon topics only. ViaPath contends that accordingly, Plaintiff was on notice that the corporate representative would not testify on the disputed topics during the deposition that occurred on November 12, 2025. Plaintiff did not raise any further issues about the corporate representative after the deposition. Here, ViaPath's objections, tendered about three months after Plaintiff's deposition notice, were also tendered about four months before discovery was set to close. Under the facts set forth above, the Court declines to hold that ViaPath waived its objections.

Moreover, ViaPath explains that its counsel had no reason to believe that Plaintiff was not satisfied with the answers its designated representative provided after the Rule 30(b)(6) deposition concluded. Indeed, ViaPath did not seek a protective order because "Plaintiff represented to ViaPath that the corporate deposition was moving forward as agreed upon between the two parties and would cover only those topics that were agreed upon." [DE 83 at 9]. Based on this agreement and the subsequent deposition, it is reasonable for ViaPath to believe that Plaintiff did not intend to seek a further corporate deposition and it is reasonable for ViaPath not to file a protective order.

However, Plaintiff argues that ViaPath's refusal to designate a witness for Topics 5, 9, and 15 in response to Plaintiff's deposition notice amounts to a failure to appear. "Rule 37(d) must be strictly construed, limiting it to a case where a defendant literally fails to show up for a deposition session." *Scott*, 2007 WL 9773389, at *4; *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1228 (7th Cir. 1983). Here, since ViaPath did present a Rule 30(b)(6) representative, the Court cannot conclude that ViaPath's refusal to designate a witness for these three additional deposition topics amounts to a failure to appear. *See Scott*, 2007 WL 9773389, at * 4.  Further, ViaPath's designated representative was prepared for the deposition, as evidenced by [his] review of the documents, communications and governing complaint.  Also, the deposition transcript reflects that the witness was "competent to testify about information known or reasonably available to the corporation." *Centagon, Inc. v. Bd. of Dirs. of 1212 Lake Shore Condo Ass'n*, No. 00 C 1110, 2002 WL 356483, at *2 (N.D. Ill. July 12, 2013). Therefore, the Court declines to conclude that the witness failed to appear here.

Accordingly, the Court turns to the relevancy of the topics at issue in Plaintiff's Rule 30(b)(6) deposition notice: "[I]n an effort to avoid adjudicating this substantive dispute based on procedural confusion, the Court will analyze the adequacy of the deponent's testimony." *Scott*, 2007 WL 9773389, at *4.

Rule 26 limits the scope of a Rule 30(b)(6) deposition to "discovery regarding any nonprivileged matter that is relevant to the any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Brant v. Schneider Nat'l, Inc.*, Case No. 20-C-1049, 2024 WL 4729415, at *1 (E.D. Wis. May 14, 2024); *Hooker*, 204 F.R.D. at 126. The information sought does not need to be admissible at trial if it appears to be reasonably calculated to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Under Rule 26, "'the court must limit the frequency or extent of discovery' whenever 'the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.'" *Brant*, 2024 WL 4729415, at *1 (quoting Fed. R. Civ. P. 26(b)(2)). "The 'burden rests upon the objecting party to show why a particular discovery request is improper.'" *Knowles, Trustee of Bricklayers of Ind. Retirement Fund v. Dodds Masonry Constr. Co., Inc.*, No. 1:19-cv-00443-SEB-MPB, 2020 WL 6287678, at *2 (S.D. Ind. July 14, 2020) (quoting *Charvat v. Valente*, 82 F. Supp. 3d 713, 717 (N.D. Ill. 2015).

Here, the Plaintiff and ViaPath dispute whether a supplemental Rule 30(b)(6) deposition is appropriate on the following topics:

> Topic No. 5: Prior lawsuits, complaints, or disciplinary actions against ViaPath/GTL involving alleged failure to monitor or report threatening calls related to inmate or civilian safety

12

Topic No. 9: The history of contract negotiations, including the bidding process, between ViaPath and the Miami Correctional Facility and/or the State of Indiana

Topic No. 15: The annual profits and losses on the contract between IDOC and ViaPath

[DE 81-1 at 2-3].

ViaPath argues that these topics are not relevant to this case, because it is a "wrongful death action relating to an inmate who died while in custody at a facility with whom ViaPath has a service contract" and that the allegations in the case surround the circumstances of the inmate's death. [DE 83 at 5-6]. Therefore, prior lawsuits, contract negotiations, and the profits and losses on the contract between IDOC and ViaPath are also not relevant. [*Id.* at 6]. Here, Plaintiff does not rebut ViaPath's arguments beyond stating that Plaintiff is entitled to conduct a Rule 30(b)(6) deposition on the topics. [DE 85 at 7]. "It is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver." *Huizar v. Experian Sol., Inc.*, Cause No. 4:22-cv-85-PPS-JEM, Cause No. 4:22-cv-86-PPS-JEM, Cause No. 4:22-cv-90-PPS-JEM, 2025 WL 830540, at *4 (Mar. 17, 2025) (quoting *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2022). Accordingly, it is not apparent how these topics are reasonably calculated to lead to the discovery of admissible evidence here.

In the Court's view, and without more, Plaintiff's requested Rule 30(b)(6) deposition topics are not reasonably calculated to lead to the discovery of admissible evidence. Regarding Topic No. 5, it is not apparent how the relevance of any prior

13

lawsuits, complaints, or disciplinary actions against ViaPath relating to its alleged failure to monitor threatening calls bears upon the specific circumstances that resulted in Jenzen Cullen's death in this particular case. Regarding Topic No. 9, it is not apparent how the global history of contracting between ViaPath and Miami Correctional Facility or the State of Indiana impacts the scope of the contract that was in place at the time of Jenzen Cullen's death, or how the scope of protections, if any, Jenzen Cullen could have been afforded as a third-party beneficiary to the contract is not clear from the text of that contract itself. Finally, Topic No. 15, which concerns the profits and losses on the contract between ViaPath and IDOC, is wholly unrelated to this wrongful death action. Accordingly, ViaPath has met its burden to show that Topic Nos. 5, 9, and 15 are not reasonably calculated to lead to admissible discovery and Plaintiff has waived any arguments to the contrary. Plaintiff's motion is denied.

## IV.   ATTORNEY FEES

Consistent with the mandate set forth in Rule 37(a)(5)(A), the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion [to compel] . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, "the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." *Id.* Here, Defendant ViaPath's actions were substantially justified. ViaPath properly relied on the parties' agreement regarding how the Rule 30(b)(6) deposition was set to go forward. Further, Plaintiff failed to meet her conferral obligations before bringing her motion to compel.

Accordingly, the Court finds that an award of expenses would be unjust. The Court therefore **DECLINES** to award Plaintiff her reasonable expenses incurred in filing the motion to compel.

V.    CONCLUSION

Accordingly, the Plaintiff's Motion to Compel Discovery and/or for Sanctions for Failure to Appear for Deposition is **DENIED**. [DE 81].

**SO ORDERED** this 5th day of August 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge